### No. 6336.

#### STATE EX REL. EXECUTORS OF F. P. BOUTTÉ VS. JUDGE OF THE SECOND DISTRICT COURT, PARISH OF ORLEANS.

It is true that the judge *a quo* has the right to determine whether the appeal is suspensive or devolutive, but his action is subject to review by this court in this form of proceeding.

The judgment appealed from did not decree the payment of money or the delivery of specific property, and the bond is ample enough to cover costs. This is sufficient.

There being no law taking this case out of the usual rule, and the amount involved being sufficient, a suspensive appeal does lie, and the right to take it exists for ten days. The sections 3737 and 3738, R. S,, do not declare that the failure to furnish bond as ordered shall work *ipso facto* a removal, but shall authorize a removal.

APPLICATION for a writ of prohibition against the judge of the Second District Court, parish of Orleans. *McEnery, Ellis & Ellis,* for relators. *Jerome Meunier,* for Judge Tissot, respondent.

HOWELL, J. The relators, executors of the last will of François P. Boutté, allege that James P. Guinault, surety on their bond as executors, filed a petition in the Second District Court praying to be released as such surety; that after answer thereto and hearing the parties judgment was rendered discharging said surety from said bond; that, on the third day thereafter, they applied for and obtained a suspensive appeal from said judgment, and, on the third day after this, filed a bond for the amount fixed by the judge; that subsequently, on a rule taken by said Guinault, said appeal was declared devolutive only and not suspensive, and they ask for a writ of prohibition to restrain the judge and said Guinault from executing said judgment pending the appeal, which they pray to be suspensive.

The judge, through counsel, answers that he did not exceed his jurisdiction:

First—Because the right of deciding whether an appeal is suspensive or devolutive is exclusively within the province of the court granting it.

Second—Because the appeal bond, although for the amount fixed by the court, was not sufficient in amount for a suspensive appeal.

Third—Because the appeal bond was not filed within the legal delay for suspensive appeals.

Fourth—And because no suspensive appeal lies from such a judgment, which is controlled by sections 3737 and 3738, R. S., under the provisions of which a failure to furnish bond as ordered, within three days, works *ipso facto* a removal.

These reasons do not seem to us to justify the action of the judge:

First—It is true he has the right to determine whether the appeal is

suspensive or devolutive, but his action is subject to review by this court in this form of proceeding.

Second—The judgment did not decree the payment of money or the delivery of specific property, and the bond is sufficient to secure costs. See 21 An. 43, State ex rel. Ganssin vs. the Judge.

Third and Fourth—There being no law taking this case out of the general rule, and the amount involved being sufficient, a suspensive appeal does lie, and the right exists for ten days to take it. The sections of the Revised Statutes cited do not declare that the failure to furnish bond as ordered shall work *ipso facto* a removal, but shall authorize a removal.

It is therefore ordered that the prohibition issued herein be made perpetual.